IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2116-FL

| FELTON ANTHONY WIGGINS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss or, in the alternative, motion for summary judgment (DE # 7). The issues raised therein are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On September 3, 1991, petitioner was sentenced to a term of three hundred eighty-seven (387) months imprisonment by the United States District Court for the Eastern District of Virginia after a jury found petitioner guilty of multiple counts of narcotic and firearm offenses. (Pet. ¶¶ 2-6.) The Fourth Circuit Court of Appeals affirmed petitioner's conviction on July 27, 1992. United States v. Wiggins, 968 F.2d 1213, 1992 WL 173890 (4th Cir. 1992) (unpublished table decision).

Following the Fourth Circuit's decision, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia. (Pet. ¶¶ 11-13.) Petitioner's § 2255 motion was denied on November 19, 1997. (Id. ¶ 12(c)(1).) Petitioner thereafter filed a motion for an extension of time to file an appeal, which

was denied by the district court. See United States v. Wiggins, 165 F.3d 22, 1998 WL 750394 (4th Cir. 1998) (unpublished table decision). Petitioner appealed the denial of his motion to the Fourth Circuit Court of Appeals, which dismissed the appeal on October 27, 1998. Id. Petitioner then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied March 8, 1999. Wiggins v. United States, 526 U.S. 1012 (1999) (mem.).

On September 8, 2009, petitioner filed this action pursuant to 28 U.S.C. § 2241, challenging his conviction for use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). In particular, petitioner contends that he is actually innocent because the government coerced witnesses to testify against him. Additionally, petitioner argues that he is actually innocent pursuant to the United States Supreme Court's rulings in Bailey v. United States, 516 U.S. 137 (1995) and Muscarello v. United States, 522 U.S. 1023 (1997).

Respondents filed a motion to dismiss, or in the alternative, for summary judgment on December 3, 2009, arguing that petitioner's claim should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241. Petitioner filed a response on December 17, 2009.

## DISCUSSION

A.  Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). Rather, an adequately stated claim must

2

be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

B. Analysis

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). In the circumstances presented here, § 2255 is inadequate when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner first alleges that the government coerced witnesses to testify falsely against him in order to convict him of use of a firearm during the commission of a drug trafficking crime. This claim does not satisfy the Jones test because there is no identified substantive law that has changed

3

since petitioner's conviction relating to the legality of his conviction. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

Petitioner next alleges that he is actually innocent under Bailey v. United States, 516 U.S. 137, 138 (1995), in which the Court held that an individual may be convicted of and sentenced under § 924(c) only where he actively employs the firearm during the commission of a crime. In other words, petitioner contends that the conduct for which he was convicted (presumably mere possession of a firearm) was deemed not to be criminal after the date of his conviction. As the court's ruling in Bailey was not one of constitutional law, petitioner has thus satisfied both the first and third prongs of Jones. However, petitioner's claim fails the third prong of the Jones test because Bailey was decided on December 6, 1995, prior to the date he filed his § 2255 petition. See § 2255 Petition, Wiggins v. United States, No. 4:97-CV-52 (E.D. Va. Apr. 25, 1997). Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

Finally, petitioner argues that he is actually innocent under Muscarello v. United States, 524 U.S. 125, 126-27 (1998), in which the Supreme Court held that the phrase "carries a firearm" in 18 U.S.C. § 924(c)(1) is not limited to a carrying firearms on the person but also "applies to a person who knowingly possesses and conveys firearms in a locked glove compartment or trunk of a car, which the person accompanies." This final argument fails because petitioner has not provided any facts or argument to support that Muscarello renders the conduct for which he was convicted not criminal. Instead, petitioner makes only conclusory allegations that he is actually innocent pursuant to the United States Supreme Court's ruling in Muscarello, which unsupported allegations do not

4

warrant habeas relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Because petitioner makes only conclusory allegations to support this claim, he has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," and must proceed with his claim pursuant to § 2255.

The court cannot convert this § 2241 petition into a § 2255 petition because, as stated, petitioner previously has filed such a habeas action.[1] Petitioner argues that he should be able to proceed with this claim because he is actually innocent of his conviction pursuant to 18 U.S.C. § 924(c). See, e.g., Bousley v. United States, 523 U.S. 614, 623-24 (1998) (noting that a prisoner may bring an otherwise defaulted claim on a showing of actual innocence). "[A]ctual innocence means factual innocence, not mere legal insufficiency." Id. at 623 (quotation omitted). To present a credible actual innocence claim, a petitioner must allege that there is "new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Here, petitioner states that he is actually innocent because the government coerced witnesses to testify against him in connection with his § 924(c) charge. Petitioner relies upon two affidavits by Kasine Nathan Powers, executed on March 19, 1997, and Elijah Mickens, executed on April 15, 1997. (Pet. Attach.) Both affidavits were executed prior to the Eastern District of Virginia's November 19, 1997 denial of petitioner's § 2255 motion, and contain the docket information from that case. Thus, they can hardly be considered newly discovered evidence.

---

[1] This court would not have jurisdiction to hear a § 2255 brought by petitioner because a prisoner wishing to challenge his conviction pursuant to § 2255 must file his petition in the court which imposed the sentence. See 28 U.S.C. § 2255. As mentioned, petitioner was sentenced in the United States District Court for the Eastern District of Virginia.

Petitioner also alleges actual innocence claims based upon the United States Supreme Courts rulings in Bailey and Muscarello. As already mentioned, however, the Court's decision in Bailey was issued prior to the date petitioner filed his § 2255 petition, and petitioner has not shown how Muscarello provides support for an actual innocence claim. Thus, these cases cannot be considered newly discovered evidence. Based upon the foregoing, petitioner has not alleged the existence of new evidence to support his claim of actual innocence. Thus, petitioner may not proceed with this action.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 7) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 10th day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge